UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY GRECH,

      Plaintiff,                                Case No. 08-10729

v.                                          Honorable John Corbett O'Meara

FORD MOTOR COMPANY,

      Defendant.
                                          /

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT, DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, AND GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT**

This matter came before the court on Plaintiff Kimberly Grech's April 30, 2008 motion to amend complaint, Plaintiff's July 3, 2008 motion for partial default judgment, and Defendant's July 8, 2008 motion to set aside clerk's entry of default. Pursuant to Local Rule 7.1(e)(2), no oral argument was heard.

Plaintiff filed this action February 21, 2008. The court *sua sponte* dismissed the state claims April 11, 2008; and Plaintiff filed a motion to amend the complaint to add federal claims April 30, 2008. The court will grant the motion to amend.

Clerk's entry of default against defendant Ford Motor Company ("Ford") was entered June 30, 2008. Plaintiff filed a motion for partial default judgment July 3, 2008; and defendant Ford filed a response July 16, 2008. Ford filed a motion to set aside the clerk's entry of default July 8, 2008; and Plaintiff filed a response to the motion July 18, 2008.

**LAW AND ANALYSIS**

Rule 55(c) of the Federal Rules of Civil Procedure gives the court discretion to set aside for good cause a clerk's entry of default. The United States Court of Appeals for the Sixth Circuit has set forth the following factors to be considered in determining whether a defendant has shown "good cause": 1) whether the plaintiff will be prejudiced, 2) whether the defendant has a meritorious defense, and 3) whether culpable conduct of the defendant led to the default. United Coin Meter Co., Inc. v. Seaboard Coastline R.R., 705 F.2d 839, 844-45 (6th Cir. 1983). The court should construe all ambiguous or disputed facts the light most favorable to the defendant in determining whether to set aside entry of default. INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc., 815 F.2d 391, 398 (6th Cir. 1987). Trials on the merits are favored in federal courts. Id. at 397.

Defendant Ford claims Plaintiff failed to effect proper service pursuant to Rule 4(c) of the Federal Rules of Civil Procedure. Plaintiff states that she "served" a copy of the complaint on Lori Costew, whom Plaintiff claims is the only Ford employee with whom the company allowed Plaintiff to communicate. Because the federal courts favor trials on the merits and because disputed facts, in this case regarding whether Costew even received a copy of the complaint, are to be construed in the light most favorable to the defendant, the court finds that Defendant was not properly served.

Moreover, in considering the three factors articulated by the Sixth Circuit to determine whether a defendant has shown good cause to set aside clerk's entry of default, the court also finds that the entry of default should be set aside. Although Plaintiff complains that she will be prejudiced by such a decision, the only prejudice she may suffer would be delay. However, mere delay is insufficient to require denial of a motion to set aside a default. See United Coin Meter, supra, at 845. Second, defendant Ford has asserted meritorious defenses to Plaintiff's claims alleging

disability discrimination, that Plaintiff is not a qualified person with a disability who was able to perform the essential functions of her position and that Ford did not improperly deny her reasonable accommodation. Finally, the court finds that Ford has not engaged in any culpable conduct that resulted in the clerk's entry of default.

**ORDER**

It is hereby **ORDERED** that Plaintiff's April 30, 2008 motion to amend complaint is **GRANTED.**

It is further **ORDERED** that Plaintiff's July 3, 2008 motion for partial default judgment is **DENIED.**

It is further **ORDERED** that Defendant's July 8, 2008 motion to set aside clerk's entry of default is **GRANTED.**

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: July 30, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, July 30, 2008, by electronic and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager