UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY GRECH,

        Plaintiff,                              Case No. 08-10729

vs.                                            John Corbett O'Meara
                                                    United States District Judge

FORD MOTOR COMPANY,

                                                      Michael Hluchaniuk
        Defendant.                       United States Magistrate Judge
_____/

**ORDER DENYING IN PART AND GRANTING
IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

PROCEDURAL HISTORY

*Pro se* plaintiff, Kimberly Grech, initially filed her complaint in this matter on February 21, 2008. (Dkt. 1). The complaint was amended once (Dkt. 26) and it has been answered by defendant Ford Motor Company (FMC). (Dkt. 30). The complaint alleges that FMC violated plaintiff's rights under (1) the Employee Retirement Income Security Act, (2) the Americans With Disabilities Act, and (3) the Family and Medical Leave Act. A scheduling order was entered on August 20, 2008, listing various dates for normal events associated with the case to be completed, including discovery. (Dkt. 24). On September 9, 2008, plaintiff filed a

1

motion for protective order (Dkt. 28) and FMC responded to the motion on September 22, 2008. (Dkt. 33). District Judge John Corbett O'Meara referred the motion to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) on September 10, 2008. (Dkt. 29). Judge O'Meara subsequently referring this matter to the undersigned for all pretrial proceedings. (Dkt. 32). A hearing on the motion was scheduled for and conducted on October 7, 2008, with the parties appearing by conference call.

In her written motion and during the hearing, plaintiff alleged that FMC was attempting to schedule a video deposition of her. In the written motion, plaintiff alleged several reasons why she claims to be entitled to a protective order including (1) that the deposition was scheduled without discussion with her, (2) the deposition is in violation of paragraph 12 of the August 20, 2008 Scheduling Order, (3) that other issues remain unresolved, (4) that no scheduling conference has been held, (5) that defendant must notify plaintiff prior to filing documents with the Court, (6) that other options are available, and (7) that defendant wants to record the deposition both stenographically and by video recorder. During the hearing plaintiff, also contended that medical and emotional problems would make it difficult for her to participate in the deposition.

In response to the motion, FMC contended that it has attempted to work with plaintiff to resolve issues commonly associated with litigation and that plaintiff has displayed hostility and a lack of understanding regarding federal rules of civil procedure and related matters. Counsel for FMC has acknowledged that she contacted the Court and asked that a scheduling order be entered without the normal Rule 26(f)(1) conference between the parties. FMC states that this somewhat unusual step was taken due to the difficulty in working with plaintiff. FMC also claims that it sent the notice of the deposition to plaintiff without first trying to agree on a mutually convenient time but that an offer was made to reschedule the deposition if a more convenient time was requested. Following the notice of deposition being sent, FMC states it was in contact with plaintiff and offered to hold a discovery conference but plaintiff declined the offer. This motion followed that contact between plaintiff and FMC.

LEGAL STANDARD

A protective order in these circumstances is available pursuant to the provisions of Rule 26(c). That rule provides, in pertinent part, that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ... ." The party seeking a

protective order bears the burden of establishing good cause and a specific need for protection. *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990). In order to prevent or delay a deposition on medical grounds, the moving party has the burden of making a specific and documented factual showing that the deposition will be dangerous to the deponent's health. *Medlin v. Andrew*, 113 F.R.D. 650, 653 (M.D.N.C. 1987). Prohibiting depositions under any circumstances is rarely done. *Id. See also*, *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979).

## DECISION

After considering the arguments of the parties, the undersigned concludes that none of the reasons given by plaintiff warrant the issuance of a protective order preventing the deposition of plaintiff from taking place. However, cause for limiting the circumstances under which the deposition will be taken has been established. The Court will address each issue raised by plaintiff below.

**1.  Violation of Rules**

Plaintiff alleges that the deposition was scheduled in violation of the rules of the court. One rule cited by plaintiff is Local Rule 7.1. That rule provides that before filing a motion, the party anticipating that a motion will be filed must

4

contact the opposing party and inquire whether the requested relief will be opposed. That rule has no application to the circumstances because the filing of a motion is completely different from scheduling a deposition. Local Rule 7.1 does not prevent a party from scheduling a deposition prior to conferring with the opposing party. Other than the questions associated with the timing of the deposition and the method of recording the deposition, which are discussed separately, the only other rules identified by plaintiff are Rules 26, 27, 31 and 45. Rule 26 deals with general discovery issues and nothing in that rule, besides the lack of a discovery conference, was identified by plaintiff as being violated. Rule 27 deals with depositions to perpetuate testimony, which is not applicable here because it is only a discovery deposition that is at issue. Rule 31 relates to deposition by written questions, which is one alternate form of discovery, but is not a mandatory form of discovery. Rule 45 relates to subpoenas, which has no relevance to the issues in this motion.

> 2. **Scheduling Conference**

Plaintiff correctly points out that Rule 26(d) generally provides that discovery should not be conducted before the discovery conference contemplated by Rule 26(f)(1). One of the exceptions to that general rule is that discovery is

permitted when authorized by court order. In the present case, there was no discovery conference between the parties as is commonly done in civil cases. Defendant explained how that came about in its pleadings. While not commonly done, the scheduling order was issued by Judge O'Meara on August 20, 2008, without a discovery conference or a proposed discovery plan. (Dkt. 24). The scheduling order authorizes discovery to be conducted without a Rule 26(f)(1) conference and, therefore, in this case, discovery can go forward without the conference between the parties.

### 3. Other Pending Matters

Plaintiff contends that other matters should be resolved before her deposition is taken. The matters she identified have now been resolved or do not reasonably justify delaying the deposition. An answer to the amended complaint has been filed. Plaintiff's second request for appointed counsel has been denied. A Rule 26(c) scheduling conference need not be held as set forth above. FMC could, but is not obligated to, engage in mediation discussions. Thus, the fact that FMC is presently unwilling to do so does not warrant delaying plaintiff's deposition. FMC's assertion of affirmative defenses as part of its answer has nothing to do with a summary judgment motion and no such motion has been filed. The

existence or assertion of affirmative defenses does not justify delaying plaintiff's deposition. Similarly, plaintiff's unresolved administrative issue relating to her disability benefits does not warrant delaying the deposition. That particular issue is the subject of another order of the Court.

### 4. Method of Recording Deposition

Plaintiff also objects to the deposition because FMC has indicated an intent to record the deposition using both a video recorder and a stenographic recorder. Plaintiff contends that Rule 30(b)(3)(A) limits the method of recording a deposition to one of the methods, and only one, listed in the rule (audio, audiovisual, stenographic). Plaintiff's interpretation of that rule is simply incorrect and defendant may use one or all three methods, if it elects to do that.

### 5. Medical Reasons

Plaintiff stated during the oral argument on this motion that she suffers from a variety of medical and emotional problems that make it difficult for her to participate in the deposition. Nothing she described was supported by medical records, letters from treating doctors, or any other documentary evidence of the conditions she described. As indicated above, a party attempting to avoid discovery bears a heavy burden and plaintiff has not meet that burden with

persuasive evidence in the form of medical records or expert opinions relating to the circumstances she alleges. Based on the failure to meet this burden, the deposition will not be cancelled or delayed. However, based on the showing that plaintiff has made, and in an attempt to accommodate some of the problems she identified, defendant is directed to conduct the deposition at a neutral location (the courthouse was suggested, but that would not be the only suitable neutral location) and the deposition sessions may not last more than two hours without the express agreement of the plaintiff. If the initial session is not completed within two hours, and plaintiff does not agree to extend it, additional sessions may be scheduled on subsequent dates, as needed, to complete the deposition. In accordance with the federal rules of civil procedure, the total time of the deposition examination may not exceed seven hours. While defendant is entitled to have a client representative present for the deposition, defendant must not have a client representative who has had prior confrontational contact with plaintiff.

For the foregoing reasons, plaintiff's motion for protective order is **DENIED** in part and **GRANTED** in part, consistent with the terms of this Order.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service hereof as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not thereafter assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate Judge.

Date: October 21, 2008                    s/Michael Hluchaniuk
                                          Michael Hluchaniuk
                                          United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on October 21, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Shannon V. Loverich, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant: Kimberly Grech, 56041 Birkdale, Macomb Township, MI 48042.

                                          s/Tammy Hallwood
                                          Courtroom Deputy Clerk
                                          U.S. District Court
                                          600 Church Street
                                          Flint, MI 48502
                                          (810) 341-7850
                                          tammy_hallwood@mied.uscourts.gov