UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLY GRECH, | Case No. 08-10729 |
| Plaintiff, | John Corbett O'Meara<br>United States District Judge |
| vs. | |
| FORD MOTOR COMPANY, | Michael Hluchaniuk<br>United States Magistrate Judge |
| Defendant._____/ | |

# ORDER REGARDING PLAINTIFF'S
# COMMUNICATION WITH COURT STAFF

On October 29, 2008, the Court issued an order (October 29 Order) explaining to plaintiff, among other things, how she must communicate with the Court. (Dkt. 55). The Court also reminded plaintiff that all of her filings must comply with the Federal Rules of Civil Procedure[1] and the Local Rules for the Eastern District of Michigan,[2] and that all filings must be sent to the Clerk of the Court, not directly to either the chambers for the undersigned or Judge O'Meara's chambers. (Dkt. 55). Further, the Court informed plaintiff that any of her papers

---

[1] The Federal Rules of Civil Procedure are available to the public on-line at http://www.uscourts.gov/rules/newrules4.html.

[2] The Local Rules can be found at www.mied.uscourts.gov/Rules/LocalRules.

1

that fail to so comply will be stricken or disregarded by the Court, as appropriate. (Dkt. 55).

Since the issuance of the October 29 Order, plaintiff has sent approximately five separate letters, via facsimile, addressed to the undersigned's courtroom deputy, none of which have been filed with the Clerk of the Court.[3] As set forth in

---

[3] On November 29, 2008, plaintiff sent a 34 page facsimile addressed to the courtroom deputy, with a handwritten note "DOCUMENT WILL BE FILED PLEASE REVIEW." (Emphasis in original). In her November 29, 2008 submission, plaintiff details her correspondence with opposing counsel regarding discovery issues and attaches medical records, presumably pertaining to her appeal of the undersigned's order directing plaintiff to submit to a deposition. On December 2, 2008, plaintiff sent a four page facsimile addressed to the courtroom deputy regarding discovery problems she is having with opposing counsel and purportedly providing support for "other motions" that the Court has not yet addressed. On December 3, 2008, plaintiff sent two facsimiles addressed to the courtroom deputy, one totaling four pages and the other totaling five pages. The first facsimile again outlines her complaints regarding opposing counsel's discovery practices, contains a request to extend the time to appeal the undersigned's "latest order," and alleges retaliation by defendant and related entities regarding her disability benefits. In the both December 3, 2008 facsimiles, plaintiff asserts that the undersigned continues his attempts to "eliminate documents" relating to her Title VII claim and is "attempting to dismiss" her Title VII, ADA, and FMLA claims. Plaintiff also expresses her displeasure about the striking of her non-conforming reply brief. (Dkt. 58). Finally, plaintiff sent a 10 page facsimile addressed to the courtroom deputy on December 4, 2008, detailing her ongoing discovery disputes with defendant's counsel and stating that she will be filing a petition for writ of mandamus as it relates to her "open orders." To the extent that any of these facsimiles relate to any objections plaintiff has to the undersigned's orders (copies of which should be mailed to the undersigned), they must be clearly labeled as "**objections**" and must be properly filed with the Clerk of the Court, not sent in letter form addressed to the undersigned's courtroom deputy.

the October 29 Order, the Court will not consider any of these facsimile communications for any purpose, except for the imposition of sanctions on plaintiff, should she continue to disregard the Federal Rules, the Local Rules, and this Court's October 29 Order. **Such sanctions could include dismissal of her lawsuit with prejudice**.

Plaintiff has been *repeatedly* informed, both in writing and verbally, of her obligation to follow the rules and conduct her litigation just as any other party (represented or not) is required to do. *See e.g.*, *Fields v. County of Lapeer*, 2000 WL 1720727 (6th Cir. 2000) ("It is incumbent on litigants, even those proceeding *pro se*, to follow ... rules of procedure."). Given plaintiff's *pro se* status, the Court will not impose sanctions on her **at this time**. However, the Court will not be so lenient should plaintiff's conduct repeat itself.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party

objects and state the basis of the objection.  Pursuant to Local Rule 72.1(d)(2), any

objection must be served on this Magistrate Judge.

| | |
|---|---|
| Date: December 9, 2008 | s/Michael Hluchaniuk<br>Michael Hluchaniuk<br>United States Magistrate Judge |

## CERTIFICATE OF SERVICE

I certify that on <u>December 9, 2008</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: <u>Shannon V. Loverich</u>, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant: <u>Kimberly Grech, 56041 Birkdale, Macomb Township, MI 48042</u>.

s/James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church Street
Flint, MI 48502
(810) 341-7850
pete_peltier@mied.uscourts.gov
