UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY GRECH,

        Plaintiff,

vs.

FORD MOTOR COMPANY,

        Defendant.
                               /

Case No. 08-10729

John Corbett O'Meara
United States District Judge

Michael Hluchaniuk
United States Magistrate Judge

**ORDER DENYING PLAINTIFF'S MOTION FOR ORDER (Dkt. 54)
AND DENYING PLAINTIFF'S MOTION TO COMPEL (Dkt. 64)**

A.    Procedural History

*Pro se* plaintiff, Kimberly Grech, initially filed her complaint in this matter on February 21, 2008. (Dkt. 1). The complaint was amended once (Dkt. 26) and it has been answered by defendant Ford Motor Company (FMC). (Dkt. 30). The complaint alleges that FMC violated plaintiff's rights under (1) the Employee Retirement Income Security Act, (2) the Americans With Disabilities Act, (3) the Family and Medical Leave Act, and (4) Title VII/Rehabilitation Act. (Dkt. 26). A scheduling order was entered on August 20, 2008, listing various dates for normal events associated with the case to be completed, including discovery. (Dkt. 24). District Judge John Corbett O'Meara referred this matter to the undersigned for all

1

pretrial proceedings. (Dkt. 32). Plaintiff filed a motion for order on October 27, 2008. (Dkt. 54). FMC filed a response on November 10, 2008. (Dkt. 61). Plaintiff filed a motion to compel on November 20, 2008. (Dkt. 64). FMC filed a response on November 25, 2008. (Dkt. 66). Plaintiff filed a reply in support of her motion to compel on November 26, 2008. (Dkt. 67). The Court ordered plaintiff's reply stricken for failure to comply with the page limitation for reply briefs found in Local Rule 7.1. (Dkt. 68). For the reasons set forth below, both motions are **DENIED**.

    B.    <u>Motion for Order (Dkt. 54)</u>

        1.    Local Rule 7.1

In her motion for order, plaintiff asks this court to order defendant to comply with Local Rule 7.1. In a lengthy Order dated October 21, 2008 (the October 21, 2008 Order), this Court explained to plaintiff how Local Rule 7.1 works. (Dkt. 46). Rule 7.1 provides that, before filing a motion, the party anticipating that a motion will be filed must contact the opposing party and inquire whether the requested relief will be opposed. (Dkt. 46). That rule has no application to a party serving discovery on another party because the filing of a motion is completely different from conducting discovery. (Dkt. 46). Local Rule 7.1 does not prevent a

party from conducting discovery without conferring with the opposing party. Thus, plaintiff's request is denied.

   2.   Rule 26

Plaintiff also claims that FMC violated Rule 26 because it has refused to issue a new certificate of service for the discovery sent to plaintiff. For example, plaintiff complains that FMC's certificate of service pertaining to her deposition notice is dated October 22, 2008, but she did not receive it until October 25, 2008. (Dkt. 54, p. 7). Plaintiff claims that it was not actually mailed until October 25, 2008, contrary to FMC's certificate of service. *Id.*[1] FMC asserts that the certificate of service that accompanied FMC's discovery accurately stated the date on which it was sent from counsel's office. (Dkt. 61, p. 3, citing, Fed.R.Civ.P. 5(b)(2)(C) ("[a] paper is served under this rule by: mailing it the person's last known address – in which service is complete upon mailing.")). FMC has since begun serving all communications and pleadings to plaintiff via certified mail. (Dkt. 61, p. 3).

Notably, the document with the purportedly defective "certificate of service" about which plaintiff complains in this motion appears to be just a letter in which

---

[1] The Court finds it highly unlikely that the letter was sent via certified mail by FMC's counsel's office and received by plaintiff on the same date.

FMC attempts to reschedule plaintiff's deposition, for which no "certificate of service" is required under the federal rules or the local rules. (Dkt. 54, Ex. A, pp. 13-14; Dkt. 61, Ex. 5). In the Court's view, FMC has gone above and beyond what is required under the rules to ensure that plaintiff receives all of its filings, correspondence, and discovery requests in a timely fashion. This Court finds no material errors in any certificate of service prepared by FMC's counsel or any violations of the rules in its discovery practices. More importantly, the Court discerns no harm or prejudice to plaintiff. Thus, no relief is warranted on this issue.

Plaintiff also continues to complain about the lack of a scheduling conference in this case. As explained in the October 21, 2008 Order, Rule 26 deals with general discovery issues and nothing in that rule, besides the lack of a discovery conference, was identified by plaintiff as being violated. (Dkt. 46). As previously explained by the undersigned, Rule 26(d) generally provides that discovery should not be conducted before the discovery conference contemplated by Rule 26(f)(1). (Dkt. 46). As also previously explained, one of the exceptions to that general rule is that discovery is permitted when authorized by court order. (Dkt. 46). The scheduling order was issued by Judge O'Meara on August 20, 2008, without a discovery conference or a proposed discovery plan. (Dkt. 24).

The undersigned has already concluded that the scheduling order issued by Judge O'Meara authorizes discovery to be conducted without a Rule 26(f)(1) conference and, therefore, in this case, discovery can go forward without the conference between the parties. (Dkt. 46). Plaintiff's objection to the undersigned's October 21, 2008 Order has already been filed and her appeal is pending before Judge O'Meara. Thus, this issue is closed until Judge O'Meara resolves plaintiff's appeal.

      3.      Submission of discovery through Court

Plaintiff asks this Court to order FMC to file all discovery materials with the Court. (Dkt. 54). FMC points out that plaintiff cites no authority for this request. (Dkt. 61, p. 3). Not only has plaintiff failed to cite any authority for her request, such a practice generally violates the Local Rules, which prohibit the filing of discovery material with the Court. *See* Local Rule 26.2. Plaintiff has not offered any grounds for the extraordinary measure of requiring FMC to file all discovery materials with the Court. This request is, therefore, denied.

For the foregoing reasons, plaintiff's motion for order (Dkt. 54) is **DENIED** in its entirety.

    B.    Motion to Compel (Dkt. 64)

      1.      Plaintiff's November 2, 2008 discovery requests

Plaintiff filed her motion to compel responses to written discovery on November 20, 2008. (Dkt. 64). According to the certificate of service that accompanied her discovery requests, plaintiff served these requests on FMC on November 2, 2008. (Dkt. 64, p. 7). A party has 30 days from the date of service to respond to interrogatories and requests for production of documents. Fed.R.Civ.P. 33, 34. Thus, when plaintiff filed her motion on November 20, 2008, it was premature, given that FMC's responses were not yet due. Plaintiff's motion to compel responses is, therefore, denied.

        2.     Service of plaintiff's discovery responses

In her motion to compel, plaintiff also appears to ask the Court to permit her to serve her responses to FMC's discovery requests through the Court. (Dkt. 64, p. 2). Plaintiff must serve her discovery responses on counsel for FMC in a timely and reasonable fashion. If she wishes to have some record of what and when FMC receives her responses, she may serve them by certified mail or a delivery service. Plaintiff's assertions of a dispute regarding the method of delivery of her responses has not, and will not, excuse her obligation to respond to properly served discovery requests. Thus, plaintiff's request is denied.

        3.     Certificates of service

Plaintiff again asks this Court to order FMC to "correct its faulty certificates of service," however, she does not identify any purportedly defective certificate of service. (Dkt. 64, p. 2). As set forth above, the Court has found no material error in any certificate of service prepared by FMC's counsel and the Court is unable to discern any possible prejudice or harm to plaintiff. Thus, plaintiff's request is denied.

For the foregoing reasons, plaintiff's motion to compel (Dkt. 64) is **DENIED** in its entirety.

**IT IS SO ORDERED.**

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to Local Rule 72.1(d)(2), any objection must be served on this Magistrate Judge.

Date: December 10, 2008         s/Michael Hluchaniuk
                                Michael Hluchaniuk
                                United States Magistrate Judge

# CERTIFICATE OF SERVICE

I certify that on December 10, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send electronic notification to the following: Shannon V. Loverich, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant: Kimberly Grech, 56041 Birkdale, Macomb Township, MI 48042.

                                              s/James P. Peltier
                                              Courtroom Deputy Clerk
                                              U.S. District Court
                                              600 Church Street
                                              Flint, MI 48502
                                              (810) 341-7850
                                              pete_peltier@mied.uscourts.gov