UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KIMBERLY GRECH,

        Plaintiff,                              Case No. 08-10729

v.                                        Honorable John Corbett O'Meara

FORD MOTOR COMPANY,

        Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTIONS

This matter came before the court on Plaintiff Kimberly Grech's October 15, 2008 motion, Docket #43, in which she, among other things, seeks to appeal various orders of Magistrate Judge Michael Hluchaniuk; plaintiff Grech's October 15, 2008 motion for order, Docket #44; and plaintiff Grech's November 3, 2008 objection and motion for review, Docket #57. Defendant Ford Motor Company filed a response November 17, 2008. Pursuant to Local Rule 7.1(e)(2), no oral argument was heard.

In her first motion Plaintiff makes the following requests: 1) a hearing before this court; 2) review of Judge Hluchaniuk's orders of October 7, 2008, no docket entry; October 10, 2008, Docket #37; October 10, 2008, Docket #38; and October 14, 2008, Docket #39; 3) a time extension of more than 45 days "to respond or reversal [*sic*] of [the aforementioned four orders]; 4) "a review and investigation of the Protective Order Hearing of 10/7/2008 AND FILINGS;" 5) "request Defendant accrue cost for copying fees . . .;" and 6) a time delay for discovery. Plaintiff's October 15, 2008 motion (Dkt. #43) at 4.

In her second motion Plaintiff makes the following requests:  1) "[o]rder Defendant to immediately supply an answer to the Plaintiff's Disability Benefit Appeal"; 2)"[o]rder Defendant to immediately process the Plaintiff's benefits"; 3) to "delay these proceedings until the Plaintiff has the ability to obtain counsel or the Plaintiff's health allows her to continue to pursue her Civil Rights"; 4) the court's understanding that she has attempted to obtain counsel but has been unable to do so; 5) a scheduling hearing; and 6) that "Defendant accure [*sic*] lost for copying fees." Plaintiff's October 15, 2008 motion (Dkt. # 44) at 2.

In her third motion Plaintiff makes the following requests:  1) add order (Dkt #55) to the motion for hearing request (Dkt #43); 2) review orders Docket #'s 37, 38, 39, 46 and 55 and grant the plaintiff a hearing as requested in Dkt #43; 3) that the court "review Magistrate Judge Hluchaniuk's behavior, comments, and bias shown toward the Defendant [*sic*] and remove him case [*sic*] from this case as the Plaintiff has not agreed to him handling Pretrial matters"; 4) that orders Dkt #'s 39 and 55 "are reversed and stricken from this case"; 5) reconsider Plaintiff's request for counsel; 6) reconsider Plaintiff's request for a time delay; 7) reconsider Plaintiff's request for a protective order; 8) grant Plaintiff's request for a scheduling conference; and 9) remove pretrial matters from Magistrate Judge Hluchaniuk.  Plaintiff's November 3, 2008 motion (Dkt. #57) at 18.

Combining the requests of the three motions, Plaintiff seeks review and reversal of all of the orders entered as of November 3, 2008, by Magistrate Judge Hluchaniuk.  Many of the requests are redundant; however, the court will attempt to make a clear and concise ruling on Plaintiff's requests that have been properly filed by motion.

## LAW AND ANALYSIS

A district court may reconsider a magistrate judge's decisions on pretrial matters and overturn them only if those decisions are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A). In the order denying Plaintiff's renewed motion for appointment of counsel (Docket #37), the magistrate judge correctly found no legal or factual basis to revisit this court's original determination of that issue in its April 11, 2008 order (Docket #5).  His decision was not clearly erroneous or contrary to law.

In the order denying Plaintiff's motions for filing documents and waiver of service (Docket #38), the magistrate judge properly denied Plaintiff's requests; and his decision was not clearly erroneous or contrary to law.

In the order to show cause (Docket # 39), the magistrate judge does have the authority to enter such an order; and his decision to enter it was not clearly erroneous or contrary to law.

In the order (Docket #46) regarding Plaintiff's motion for protection order, which was granted in part and denied in part, the magistrate judge correctly found that Plaintiff had failed to meet her burden for obtaining a protective order that would excuse her from giving a deposition.  His decision was not clearly erroneous or contrary to law.

The magistrate judge also entered an order regarding a number of Plaintiff's requests on November 3, 2008 (Docket #55).  In that order the magistrate judge correctly denied without prejudice Plaintiff's request that Defendant immediately answer her benefit claim appeal and immediately process her benefits; denied Plaintiff's request to delay this matter until she has obtained legal counsel; denied Plaintiff's request for a scheduling hearing; denied without prejudice

Plaintiff's request for copying fees; and ordered Plaintiff to communicate with the court only in writing. None of these decisions is clearly erroneous or contrary to law.

In addition, this court will deny Plaintiff's multiple requests for hearings. Pursuant to Local Rule 7.1(e)(2), the court is given broad discretion to decide matters without oral argument. Plaintiff has also requested that this court "review" the magistrate judge's "behavior, comments and bias" this matter in order to "remove him" from deciding pretrial issues in this case. Although this court acts only through motions, not requests, it will make an exception here and deny in all respects **any** request by either party to this action to remove this matter from the capable, efficient, and effective magistrate judge to whom it has been referred. A review of the record in this case shows that Magistrate Judge Hluchaniuk, his staff, and the clerk's office of the Flint courthouse have exhibited patience and professionalism in dealing with this *pro se* plaintiff's sometimes redundant and superfluous telephone calls, faxes, letters, and filings. The time has come to move this case forward without further delay.

## <u>ORDER</u>

It is hereby **ORDERED** that Plaintiff's motions filed October 15, 2008 (Docket #'s 43 and 44); and November 3, 2008 (Docket #57) are **DENIED** in their entireties.


s/John Corbett O'Meara
United States District Judge


Date:  December 30, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, December 30, 2008, by electronic and/or ordinary mail.


<div style="margin-left: 45%;">

s/William Barkholz
Case Manager

</div>