UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY GRECH,

       Plaintiff,                            Case No. 08-10729

vs.                                          John Corbett O'Meara
                                               United States District Judge

FORD MOTOR COMPANY,

                                            Michael Hluchaniuk
       Defendant.                       United States Magistrate Judge
_____/

**REPORT AND RECOMMENDATION**
**PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT (Dkt. 82)**
**AND PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Dkt. 77)**

**I.    PROCEDURAL HISTORY**

*Pro se* plaintiff, Kimberly Grech, initially filed her complaint in this matter on February 21, 2008. (Dkt. 1). The complaint was amended once (Dkt. 26) and it has been answered by defendant Ford Motor Company (FMC). (Dkt. 30). The complaint alleges that FMC violated plaintiff's rights under (1) the Employee Retirement Income Security Act, (2) the Americans With Disabilities Act, (3) the Family and Medical Leave Act, and (4) Title VII/Rehabilitation Act. (Dkt. 26). A scheduling order was entered on August 20, 2008, listing various dates for normal events associated with the case to be completed, including discovery. (Dkt. 24).

District Judge John Corbett O'Meara referred this matter to the undersigned for all pretrial proceedings. (Dkt. 32).

Early on in this case, a default was entered against defendant. (Dkt. 10). Plaintiff then filed a motion for default judgment and defendant filed a motion to set aside the default. (Dkt. 12, 13). Both earlier motions pertaining to the default issues were disposed of by Judge O'Meara on July 30, 2008. (Dkt. 17). Judge O'Meara set aside the default and denied plaintiff's request for entry of default judgment. *Id*. On December 19, 2008, plaintiff submitted a motion for default judgment against FMC. (Dkt. 77). FMC filed response on January 6, 2009. (Dkt. 87). On December 22, 2008, plaintiff filed a "motion for order" requesting the Court to "correct" its "error" and enter a default against defendant. (Dkt. 82). FMC's response to this motion was filed on January 6, 2009, in the same document as its response to the motion for default judgment. (Dkt. 87).

For the reasons set forth below, the undersigned **RECOMMENDS** that the Court **DENY** plaintiff's motions for entry of default and default judgment.

## II.   DISCUSSION

### A.   Legal Standards

Plaintiff asks this Court to enter a default and default judgment against FMC for its alleged failure to participate in discovery and its alleged failure to

defend this lawsuit. Plaintiff's motions implicate Federal Rule of Civil Procedure 37(d), which provides in pertinent part:

> (1) *In General*.
>
>> (A) *Motion; Grounds for Sanctions*. The court where the action is pending may, on motion, order sanctions if:
>> * * *
>>> (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.
>>
>> (B) *Certification*. A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.
>> * * *
>
> (3) *Types of Sanctions*. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Rule 37(b)(2)(A)(vi) provides that entering a default judgment against the party who fails to answer interrogatories or respond to document requests is an option within the Court's discretion. *See e.g.*, *Polanski v. Detroit Police, 15th Precinct*, 1986 WL 17175 (6th Cir. 1986) (The choice of an appropriate sanction is

primarily the responsibility of the trial judge and will not be reversed absent an abuse of discretion.).

The Sixth Circuit has described the sanction of default judgment as a "sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). The factors a court should consider when deciding whether to order a default judgment for failure to cooperate in discovery include whether the failure was due to an inability to comply rather than the willful bad faith or fault of the party, whether the adversary was prejudiced, whether the party was warned that failure to cooperate could lead to dismissal, and whether less drastic sanctions are available. *Id*. at 1079.

    B.    <u>Analysis and Conclusions</u>

In summary, plaintiff's motions are based on her claim that FMC has refused to participate in discovery in this case and has failed to defend. (Dkt. 77, p. 1; Dkt. 82). Plaintiff alleges that FMC failed to provide discovery materials and provided false and fraudulent certificates of service and tracking numbers. (Dkt. 77, p. 2). Plaintiff continues to complain that FMC "falsely" claimed that it was not served with the summons and complaint and asserts a host of other complaints

relating to service of the summons and complaint. (Dkt. 77, pp. 3-4). Plaintiff then recounts her complaints about how the scheduling order in this matter was issued and FMC's efforts to "force" her to submit to a deposition. (Dkt. 77, pp. 4-5). Plaintiff complains about the written discovery requests sent by FMC to plaintiff and this Court's order striking plaintiff's reply brief relating to another motion. (Dkt. 77, p. 5).

Each of the above assertions has been disposed of in earlier orders of this Magistrate Judge and plaintiff's sole remedy regarding her complaints is to file timely objections to any order issued by the undersigned. With respect to plaintiff's complaints about orders issued by Judge O'Meara, the undersigned has stated previously, and continues to take the position, that it cannot "overturn" or "reverse" orders issued by Judge O'Meara and plaintiff offers no persuasive basis for the undersigned to recommend that Judge O'Meara do so. Based on the foregoing, the undersigned will neither consider nor issue any recommendations regarding any issue that was previously the subject of an order of this Court.

Thus, this report and recommendation is strictly limited to plaintiff's claim that she is entitled to a default judgment because FMC has not provided any discovery materials and has, therefore, according to plaintiff, refused to defend this case. (Dkt. 77, pp. 5-6). On the narrow issue that remains, FMC asserts that it

has not refused to provide discovery materials to plaintiff. (Dkt. 87, p. 4). FMC acknowledged that plaintiff's affidavit correctly states that she served it with interrogatories and requests for production of documents on November 3, 2008. (Dkt. 87, p. 4). According to FMC, it served its discovery responses on December 4, 2008, via certified mail, Tracking No. 7007 2680 0000 1949 9549. (Dkt. 87, pp. 4-5, Ex. A). Plaintiff claimed that she had not received FMC's certified mail package. (Dkt. 87, p. 5). FMC re-sent the discovery responses and included its document production on December 12, 2008, via Federal Express. (Dkt. 87, p. 5, Ex. D). According to FMC, Federal Express attempted to deliver the package to plaintiff on three occasions (December 15, 16, and 17, 2008), and finally returned the package to FMC's counsel's office on December 19, 2008. (Dkt. 87, p. 5, Ex. E). FMC's counsel then informed plaintiff that the documents were available to her at counsel's office, should she wish to retrieve them. (Dkt. 87, p. 5, Ex. F). FMC argues that plaintiff "cannot refuse to accept delivery of Ford's discovery responses and then seek to have Ford defaulted or otherwise sanctioned on the grounds that it has refused to provide Plaintiff with discovery." (Dkt. 87, p. 5). Surprisingly, plaintiff has not filed a reply in support of either motion.[1]

---

[1] Plaintiff filed nearly 900 pages of exhibits on January 7, 2009, purportedly "relating" to docket entries 83, 77, 59, 74, 70, and 88. (Dkt. 92). Nothing in the

The undersigned has reviewed the parties' supporting documentation attached to their filings on the two motions at issue. It is undisputed that plaintiff did not receive FMC's discovery responses based on the first service by FMC. However, service is complete on mailing and FMC has offered evidence that, in fact, its responses were mailed to plaintiff, albeit apparently "lost in the mail." Moreover, it is also undisputed that, after learning that plaintiff did not receive the responses by mail, FMC, via Federal Express, attempted on three occasions to deliver its discovery responses to plaintiff.

The undersigned agrees with FMC that plaintiff cannot refuse delivery and then complain about lack of receipt. The undersigned also notes the long history in this case of plaintiff's dissatisfaction with FMC's methods of delivering pleadings and other materials to her. Plaintiff complained about mail service because the dates on the certificates of service (which was the date they were mailed) did not match the date she received them. Despite repeated explanations by counsel (and this Court) that the certificates of service were proper, counsel attempted to satisfy plaintiff by sending documents via certified mail, facsimile,

---

Federal Rules or the Local Rules permits such a filing and it has not been considered with respect to the motions at issue in this Report and Recommendation.

and through a delivery service. The record is replete with evidence of FMC's counsel's herculean efforts to ensure that plaintiff promptly receives papers filed in this case. Under the circumstances, the undersigned suggests that FMC has neither failed to serve discovery responses nor failed to defend this case.

### III. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that plaintiff's motions for entry of default and default judgment be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 10 days of service, as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 10 days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 17, 2009                     s/Michael Hluchaniuk
                                         Michael Hluchaniuk
                                         United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on March 17, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Shannon V. Loverich, and I certify that I have mailed by United States Postal Service the paper to the following non-ECF participant: Kimberly Grech, 56041 Birkdale, Macomb Township, MI 48042.

                                         s/James P. Peltier
                                         Courtroom Deputy Clerk
                                         U.S. District Court
                                         600 Church Street
                                         Flint, MI 48502
                                         (810) 341-7850
                                         pete_peltier@mied.uscourts.gov