UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY GRECH,

        Plaintiff,                          Case No. 08-10729

vs.                                        HON. MARK A. GOLDSMITH

FORD MOTOR COMPANY,

        Defendant.
_____/

**ORDER (1) STRIKING PLAINTIFF'S MOTION FOR IMMEDIATE INJUNCTIVE RELIEF (Dkt. 156) AND (2) DENYING PLAINTIFF'S MOTION FOR TELEPHONIC HEARING (Dkt. 166), MOTION FOR RECONSIDERATION (Dkt. 164), AND MOTION TO SEAL EXHIBITS (Dkt. 162)**

This matter is before the court on four motions filed by Plaintiff Kimberly Grech: (i) a motion for immediate injunctive relief (Dkt. 156), (ii) a motion to seal exhibits (Dkt. 162), (iii) a motion for reconsideration (Dkt. 164) of the Court's order denying her motion to seal (Dkt. 161), and (iv) a motion for a telephonic hearing (Dkt. 166). For the reasons set forth below, the Court strikes the motion for immediate injunctive relief and denies the other motions.

Grech filed a motion for immediate injunctive relief in this case, which was closed in 2009. The Court ordered Grech to file a response showing cause why her motion should not be struck, given that the case is closed (Dkt. 157). Grech's response does not set forth reasons why her motion should not be struck. Rather, it appears to describe Grech's account of the case and make various allegations regarding defense counsel's conduct before judgment was entered in favor of Defendant. None of this explains why a case closed so many years ago should be reopened. Therefore, the Court strikes the motion for immediate injunctive relief.

Grech also filed a motion for a telephonic hearing on her response to the show cause order. The Court may decide a motion without a hearing and based on the parties' briefing when oral argument will not aid the Court's decisional process. See E.D. Mich. LR 7.1(f)(2). The Court finds that a hearing will not aid its decisional process here, and Grech's motion does not offer a reason for holding a hearing. Instead, it again appears to offer various convoluted allegations regarding Plaintiff's claims in this case and Defendant's conduct.

Grech has filed a motion for reconsideration of the Court's order denying her motion to seal. The Court denied the motion to seal because Grech did not specify what she desired to seal and had not justified sealing. Explaining that there is a "strong presumption in favor of openness as to court records" and that the party seeking to seal court records bears a "heavy burden," the Court found that she had not met that burden, as her motion contained conclusory and vague statements and did not fully set forth why sealing is necessary in Grech's circumstances. 8/24/22 Order (quoting Shane Group, Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305 (6th Cir. 2016)).

Local Rule 7.1(h)(2) governs motions for reconsideration of non-final orders. As that rule states, such motions "are disfavored." E.D. Mich. LR 7.1(h)(2). Further, such motions can be brought only on the three grounds set forth in the rule: (i) "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision"; (ii) "[a]n intervening change in controlling law warrants a different outcome"; or (iii) "[n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." E.D. Mich. LR 7.1(h)(2)(A)–(C). Grech does not base her motion on any of the circumstances enumerated in the rule. Instead, she states that the Court denied the motion without

reviewing two documents that Grech filed the same day as the Court's order and approximately six days after her motion to seal. Because she does not indicate that any of the bases that support a motion for reconsideration apply, the Court denies the motion for reconsideration.

On the same day that the Court issued its order denying the motion to seal, Grech filed a motion to seal exhibits, which she states is intended to support her motion to seal. See Mot. for Reconsideration at 1. Because the Court denied the motion to seal and denies the motion for reconsideration, it denies the motion to seal exhibits.

SO ORDERED.

Dated: December 20, 2022  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 20, 2022.

s/Karri Sandusky  
KARRI SANDUSKY  
Case Manager